# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:25-cr-20 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| HAROLD G. RECTOR, JR. | ) | Magistrate Judge Steger |

## ENDS OF JUSTICE ORDER

Before the Court is Defendant Harold G. Rector, Jr.'s Unopposed Motion to Continue All Deadlines and Trial [Doc. 14], requesting to continue the trial date and related deadlines in this matter by 30 days. The Speedy Trial Act requires that a criminal defendant's trial begin within 70 days of the defendant's initial appearance or indictment, but excludes from that time certain types of delay. *Bloate v. United States*, 559 U.S. 196 (2010); *see* 18 U.S.C.A. § 3161. Section 3161(h) lists certain excludable delays, including a continuance granted by the Court based on the Court's determination that the ends of justice served by granting the continuance outweigh the interest of the public and of the defendant in a speedy trial. § 3161(h)(7)(A). In making this determination, the Court must consider certain factors listed in § 3161(h)(7)(B),[1] including whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the

---

[1] (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
    (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
    (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
    (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
    (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B).

Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* "[A]lthough the order need not be lengthy," the Court must state "with particularity" the reasons for granting an ends of justice continuance. *United States v. Smith*, 510 F. App'x 390, 395 (6th Cir. 2013).

Here, counsel for Defendant shows that the parties are in the process of negotiating a possible resolution that would negate the need for a trial. [Doc. 14]. If a resolution is reached, the parties will need time to prepare, execute, and file plea documents. [*Id.*]. Counsel further shows that he has spoken with Defendant and explained his rights under the Speedy Trial Act, and that Defendant understands that the continuance will be fully excludable. [*Id.*]. Finally, counsel has communicated with the Government, which is not opposed to the requested continuance. [*Id.*].

Based on these circumstances, the Court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the Defendant in a speedy trial. Specifically, the Court finds that the failure to grant the requested continuance would deny Defendant's attorney the reasonable time necessary for effective preparation, taking into consideration the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, Unopposed Motion to Continue All Deadlines and Trial [Doc. 14] is **GRANTED** and the following new trial schedule is **ORDERED** for Defendant:

| | |
|---|---|
| Defendant's Pretrial Motions Due: | **June 3, 2025** |
| Plea Deadline: | **June 3, 2025** |
| Jury Instructions Due: | **June 17, 2025** |
| Final Pretrial Conference: | **June 17, 2025, at 3:00 p.m**. |
| Trial: | **June 24, 2025, at 9:00 a.m**. |

The parties are **DIRECTED** to refer to the requirements of the Discovery and Scheduling Order [Doc. 12], all other provisions of which remain in full effect.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

3